```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| FLYING TIGERS, INC. and | : | NO. 12-394-1 |
| JAY STOUT | : | NO. 12-394-2 |

MEMORANDUM

Bartle, J.                                              January 29, 2013

Before the court is the motion of defendants Flying Tigers, Inc. ("FTI") and Jay Stout for suppression of evidence obtained as a result of a warrantless search.

The government has indicted these defendants as well as two additional defendants, Howard Gunter and Joel Stout, on multiple charges of conspiracy to defraud the United States, fraud involving aircraft parts, mail fraud, wire fraud, and destruction, alteration, or falsification of records in a federal investigation, pursuant to 18 U.S.C. §§ 38(a)(1), 371, 1341, 1343, and 1519. FTI was in the business of providing aircraft maintenance and repair services and annual inspections of aircraft for its customers. Jay Stout was the president of FTI while his son, Joel Stout, as well as Howard Gunter, were aircraft mechanics and inspectors employed by FTI.

Prior to the indictment, federal agents from the United States Department of Transportation obtained a warrant to search the office of FTI, which is situated at the Donegal Springs Airport in Marietta, Lancaster County, Pennsylvania. The warrant

authorized the seizure of aircraft maintenance and inspection records, including logbooks, as well as any records relating to the purchase or sale of aircraft, billing and payment records, and the identities and addresses of any FTI customers. The warrant also authorized the seizure of any electronic data related to the aforementioned documents.

While executing the search warrant, the agents encountered Joel Stout in the FTI offices and proceeded to interview him. The agents knew in advance of the search that Joel Stout was involved in the operation of FTI and had duties as an airplane mechanic. During the interview, Joel Stout informed the agents that he had at his home the logbooks for the aircraft of a number of FTI customers. Mr. Stout signed a consent form permitting the agents to search his home and seize any "letters, papers, materials or other property which they may desire." After signing the document, Mr. Stout drove to his home, which was several miles from the FTI office. The agents followed in a separate car. Mr. Stout identified to the agents certain boxes containing logbooks in his basement. The agents removed the boxes and then returned to the offices of FTI where they finished executing the search warrant. It was conceded at the evidentiary hearing that the owners of the aircraft, that is, FTI's customers, own the logbooks in question.

In their motion to suppress, defendants FTI and Jay Stout argue that the agents' search of Joel Stout's home and seizure of the logbooks found there constituted a violation of

their rights under the Fourth Amendment because the agents lacked a warrant. Defendants further contend that even if Joel Stout consented to the search and seizure, their property interests were violated because Joel Stout had no authority to turn the logbooks over to the agents. At the evidentiary hearing, Jay Stout conceded he had no valid claim under the Fourth Amendment. The motion proceeded solely as to FTI.

The Fourth Amendment of the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. Warrantless searches are presumptively unreasonable. Payton v. New York, 445 U.S. 573, 586 (1980). However, it is well established that no warrant is required where voluntary consent is obtained from an individual who has common authority or joint control over the premises. Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973). It is undisputed that Joel Stout voluntarily signed the form consenting to both the search of his home as well as the seizure of the logbooks on the premises. FTI contends that Joel Stout's consent to the removal of the logbooks from his home was ineffective because FTI had a subjective privacy interest in the logbooks and did not authorize the search or seizure.

Even if the court were to accept the argument of FTI that Joel Stout had no actual authority to consent to the seizure of the logbooks, FTI cannot demonstrate that its own personal rights were violated by the seizure. A defendant seeking to suppress evidence based on a violation of the Fourth Amendment must establish that his own personal Fourth Amendment rights were violated. <u>Minnesota v. Carter</u>, 525 U.S. 83, 88 (1998). As the Supreme Court declared, "in order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." <u>Id.</u>

In <u>Rakas v. Illinois</u>, 439 U.S. 128 (1979), the Court stated, "the Fourth Amendment may not be asserted vicariously." <u>Id.</u> at 133. As the Court further explained, "the capacity to claim the protection of the Fourth Amendment depends not upon a property right in the invaded place but upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place." <u>Id.</u> at 143. In this case it was the home of Joel Stout from which the logbooks were taken. FTI has conceded that it has no ownership interest in those logbooks and that they are owned by its customers, the aircraft owners. While FTI may be prejudiced by the seizure, the prejudice results from a seizure at the home of Joel Stout, who is the only defendant who has a legitimate expectation of privacy in the invaded place.

FTI has advanced the argument that its right of privacy was infringed because it was entrusted with the logbooks by the aircraft owners. The Fourth Amendment analysis does not depend on the technical property law concepts on which FTI is relying. Id. FTI has simply failed to demonstrate that it had a reasonable expectation of privacy in the seized logbooks or in the place where they were found.

FTI relies on United States v. Brodie, 250 F. Supp. 2d 462 (E.D. Pa. 2002), to support its position that FTI's personal Fourth Amendment rights were violated. In Brodie, a former employee of a corporation voluntarily gave corporate electronic data in his possession to government agents. The corporation later moved to suppress the evidence pursuant to the Fourth Amendment. The court, rejecting the government's reliance on Rakas, noted the distinction between the law of searches and the law of seizures and found that the defendant had a property interest in the seized materials independent of any privacy interest. The court reasoned that the corporation owned the evidence at issue and that the former employee had no authority to consent to its seizure. The court reserved judgment on whether the employee would have been able to consent to the seizure were he currently employed by the corporation. Brodie, 250 F. Supp. 2d at 465. The court concluded that the former employee's consent was not voluntarily given and granted the defendant's motion to suppress the evidence.

The Brodie decision is inapposite.  Here, Joel Stout was an employee of FTI at the time of the seizure of the logbooks.  He had reason to have the logbooks in his possession as one of the mechanics who was charged with entering notations into the logbooks following an inspection or maintenance.  In any event, unlike Brodie, the party seeking suppression, that is, FTI, has no ownership interest in the logbooks and had no reasonable expectation of privacy in the home of Joel Stout.

As FTI has failed to establish that its own personal rights were violated under the Fourth Amendment, its motion for suppression of evidence will be denied.