IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :       CRIMINAL ACTION
                                :
            v.                  :
                                :
FLYING TIGERS, INC.             :       NO. 12-394-1
JAY STOUT                       :       NO. 12-394-2


MEMORANDUM

Bartle, J.                                      March 27, 2013

        Defendants Flying Tigers, Inc, Jay Stout, Joel Stout,

and Howard Gunter have been indicted on various counts of

conspiracy (18 U.S.C. § 371), fraud involving aircraft parts (18

U.S.C. § 38(a)(1), mail fraud (18 U.S.C. § 1341), wire fraud (18

U.S.C. § 1343) and obstruction of justice (18 U.S.C. § 1519).

Defendants Flying Tigers, Inc. and Jay Stout have filed a motion

for trial severance from Joel Stout[1] and Howard Gunter under Rule

14(a) of the Federal Rules of Criminal Procedure.

        Rule 14(a) provides:

        (a) Relief.  If the joinder of offenses or
        defendants in an indictment, an information,
        or a consolidation for trial appears to
        prejudice a defendant or the government, the
        court may order separate trials of counts,
        sever the defendants' trials, or provide any
        other relief that justice requires.

        The moving defendants maintain that they would be

prejudiced if the statements made by co-defendants Joel Stout and

_____

1.  Since the filing of the motion and the Government's opposing
brief, Joel Stout has pleaded guilty to all charges against him.

Howard Gunter to Government agents were admitted into evidence. Those statements contain inculpatory information about Flying Tigers, Inc. and Jay Stout. The moving defendants rely on United States v. Bruton, 391 U.S. 123 (1968) and its progeny. These cases hold that it is a violation of the Confrontation Clause of the Sixth Amendment if a statement of a non-testifying co-defendant incriminating a defendant is admitted against that defendant.[2] The rationale for Bruton is that the defendant against whom the statement would be admitted cannot cross-examine the co-defendant who made the statement. Admission of the incriminating statement against the defendant in these circumstances will cause severe prejudice which cannot be cured by a limiting jury instruction. See also, Gray v. Maryland, 523 U.S. 185 (1998); Vasquez v. Wilson, 550 F.3d 270 (3d Cir. 2008).

The Government has responded by agreeing to exclude all references to Jay Stout and any references incriminating Flying Tigers, Inc. from the statements of Joel Stout and Howard Gunter. We have carefully reviewed the original statements and the redacted statements and agree that any evidence that would be in violation of Bruton has been removed.

There is a preference for a joint trial of defendants, where, as here, they are charged in the same indictment. It promotes efficiency and avoids inconsistent verdicts. Zafiro v.

---

2. The Sixth Amendment provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him ...."

United States, 506 U.S. 534, 537 (1993).  A severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  Id. at 539.  In light of the Government's intention to use only properly redacted statements of Joel Stout and Howard Gunter, there is no prejudice to the moving defendants and no basis for avoiding the preference for a joint trial.  United States v. Eufrasio, 935 F.2d 553, 567-69 (3d Cir. 1991).

Accordingly, the motion of defendant Flying Tigers, Inc. and Jay Stout for trial severance will be denied.