IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| --- | --- | --- |
| v. | : | |
| FLYING TIGERS, INC. and | : | NO. 12-394-1 |
| JAY STOUT | : | NO. 12-394-2 |

MEMORANDUM

Bartle, J.                                              June 4, 2013

The government has indicted defendants Flying Tigers, Inc., Jay Stout, and Howard Gunter[1] for conspiracy to commit fraud and multiple counts of fraud involving aircraft parts, mail and wire fraud, and obstruction of justice in violation of 18 U.S.C. §§ 371, 38(a)(1), 1341, 1341, and 1519.

Before the court is the motion of defendants for a transfer of venue pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure. Defendants seek to move the action to the United States District Court for the Middle District of Pennsylvania. The court will now decide the motion as it relates to defendants Flying Tigers, Inc. and Jay Stout.[2]

The indictment arises out of events that occurred at the Donegal Springs Airpark in Marietta, Lancaster County, in the

---

1. Defendant Joel Stout was also indicted. He has pleaded guilty and awaits sentencing.

2. We will deal separately with the motion for transfer as it applies to defendant Howard Gunter. He also has pending a motion to sever and continue trial due to serious health issues.

Eastern District of Pennsylvania.  The airpark is only a few miles from the border of the Middle District of Pennsylvania.  The defendant Jay Stout, who is the president of Flying Tigers, Inc., lives in Elizabethtown, Lancaster County from which, he notes, it is only a half-hour trip to Harrisburg where the federal court sits in the Middle District.  His drive to Philadelphia for a trial would take over two hours while a train ride from Elizabethtown to 30th Street Station in Philadelphia would take one hour and 30 minutes.  Stout, we are advised, now conducts a contracting/home repair business near his home.  One of the lawyers for Flying Tigers and Jay Stout is also located in Lancaster County.  The United States Attorney's Office prosecuting the case is situated in Philadelphia and all the relevant documents are in this District.

Rule 21(b) of the Federal Rules of Criminal Procedure provides:

> **For Convenience**.  Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice.

The decision to transfer is a matter within the sound discretion of the court.  In re: United States, 273 F.3d 380, 387 (3d Cir. 2001).  In determining whether a transfer is in the interest of justice, the court should consider the following ten factors:

> (1) location of [the] ... defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of [the] place of trial; (9) docket condition of each district ... involved; and (10) any other special elements which might affect the transfer.

Platt v. Minnesota Mining & Mfg. Co., 376 U.S. 240, 243 (1964); In re: United States, 273 F.3d at 387-88. The burden rests on the defendants seeking the transfer. In re: United States, 273 F.3d at 388; United States v. Coffee, 113 F. Supp. 2d 751, 753 (E.D. Pa. 2000).

We begin by reiterating that Lancaster County lies within the Eastern District of Pennsylvania. Congress has placed Lancaster County within the Eastern District even though it is closer to Harrisburg than to Philadelphia. Jay Stout lives in Elizabethtown within the Eastern District, and Flying Tigers has or had its business within this District. Travel to Philadelphia is not onerous. It can easily be reached from Lancaster County via the Pennsylvania Turnpike and the Schuylkill Expressway or by train.

Defendants have not identified any witnesses on their behalf or on behalf of the government who would have difficulty or be unable to travel to Philadelphia for a trial. Moreover, as noted above, events that give rise to the indictment all occurred in this District and all documents are located here.

With respect to expenses, neither defendant claims to be indigent. They have engaged two private attorneys who have entered their appearances. According to defendants' brief, they may be adding a third attorney from Elizabethtown. While one of the defense counsel has his office in the City of Lancaster, it is in the Eastern District of Pennsylvania. The other defense attorney is located in West Chester, Chester County and thus closer to the courthouse in Philadelphia. When defense counsel agreed to represent defendants, they knew that the trial was scheduled for Philadelphia and thereafter have appeared for hearings here. In addition, defendants have not established that a transfer at this stage of the action would be less costly to the government than allowing the case to remain as it is. A transfer would mean a different judge and the moving of prosecutors and documents approximately 100 miles from Philadelphia to Harrisburg to handle this complex case, the trial of which could last a number of weeks. The expense factor and the location of counsel do not weigh in favor of a transfer.

There is no basis to transfer due to the relative accessibility of the place of trial. Harrisburg is no more accessible than Philadelphia. Both are easily reached by automobile, train, and airplane.

The docket condition is not a relevant consideration. This court operates on an individual calendar system. The undersigned has scheduled this case for trial for a day certain

after consulting with all counsel.  There has not been and will not be any undue delay.

Defendant Jay Stout argues that he now has a contracting/home repair business to run near his home and that trial in Philadelphia would be more disruptive to him than a trial in Harrisburg.  He does not provide any specifics about the operation of his business.[3]  Although this factor appears to support a transfer, it does not outweigh all the other specific factors which counsel against moving this action against defendants Flying Tigers and Jay Stout outside this District.

Finally, no other special elements are evident which favor a transfer.

Based on all the relevant factors, defendants have not met their burden for relocation of the trial to the Middle District of Pennsylvania.  Significantly, the locus of this action is in the Eastern District.  All the underlying events occurred in this District, and the two defendants and all the relevant documents are here.  Nor is there evidence that these two defendants or their counsel or any witnesses will be impeded in attending the trial in Philadelphia.

Accordingly, the motion of defendants Flying Tigers and Jay Stout for a transfer of venue will be denied.

---

3.  Jay Stout's reference to his business is simply in his brief in support of his motion to transfer.  He does not support the statement with an affidavit.